IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GUIDECRAFT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. _____ |
| | ) | |
| OJCOMMERCE, LLC, a Delaware | ) | |
| corporation; OJCOMMERCE.COM, INC., | ) | |
| a Delaware corporation; NAOMI HOME, | ) | |
| INC., a Delaware corporation; and | ) | |
| JACOB WEISS, an individual, | ) | |
| | ) | |
| Defendants. | | |

COMPLAINT
_____

Plaintiff, Guidecraft, Inc., by its attorneys and for its Complaint, alleges as
follows:

## NATURE OF THE ACTION

1.      This is an action in law and equity for, *inter alia*, intentional trademark and
copyright infringement and deceptive business practices.

## THE PARTIES

2.      Plaintiff, Guidecraft, Inc. ("Guidecraft") is a New York Corporation having a
place of business at State Highway 19, Winthrop, Minnesota 55396.

3.      Upon information and belief, defendant Jacob Weiss ("Weiss") or ("Defendant") owns, operates, or controls multiple entities, including OJCommerce, LLC, OJCommerce.com, Inc., and Naomi Home, Inc.   Upon information and belief, defendant Jacob Weiss is an individual having a principal place of business at 11651 Interchange Circle South, Miramar, Florida 33025.

4.      Upon information and belief, defendant OJCommerce, LLC is a Delaware corporation having a principal place of business at 11651 Interchange Circle South, Miramar, Florida 33025.

5.      Upon information and belief, defendant OJCommerce.com, Inc. is a Delaware corporation having a principal place of business at 11651 Interchange Circle South, Miramar, Florida 33025.

6.      Upon information and belief, defendant Naomi Home, Inc. is a Delaware corporation having an address at 1811 Silverside Road, Wilmington, Delaware 19810.

7.      Defendants OJCommerce, LLC, OJCommerce.com, Inc., and Naomi Home, Inc. may be served with summons and process through their mutually designated registered agent for service of process in Delaware, VCorp Services, LLC at 1013 Centre Road, Suite 403-B, Wilmington, Delaware 19805.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.   This matter involves a federal question pursuant to 15 U.S.C. §§ 1114, 1125(a).   Diversity jurisdiction is established as this controversy arises

between citizens of different states and involves an amount in controversy in excess of the jurisdictional threshold of 28 U.S.C. § 1332. Additionally, supplemental jurisdiction over the state statutory and common law claims exists pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

9.      Personal jurisdiction over Defendant Weiss is proper in this Court under the principles of due process and Pennsylvania's Long Arm Statute because, upon information and belief, Defendant Weiss conducts business within the Commonwealth of Pennsylvania and this judicial district.

10.     Personal jurisdiction over Defendant OJCommerce, LLC is proper in this Court under the principles of due process and Pennsylvania's Long Arm Statute because, upon information and belief, Defendant OJCommerce, LLC conducts business within the Commonwealth of Pennsylvania and this judicial district.

11.     Personal jurisdiction over Defendant OJCommerce.com, Inc. is proper in this Court under the principles of due process and Pennsylvania's Long Arm Statute because, upon information and belief, Defendant OJCommerce.com, Inc. conducts business within the Commonwealth of Pennsylvania and this judicial district.

12.     Personal jurisdiction over Defendant Naomi Home, Inc. is proper in this Court under the principles of due process and Pennsylvania's Long Arm Statute because Defendant Naomi Home, Inc. conducts business within the Commonwealth of Pennsylvania and this judicial district.

13.     Venue in this Court is based upon 28 U.S.C. §§ 1391.

## FACTUAL BACKGROUND

14.     As set forth below, Defendants have damaged Guidecraft and continue to cause Guidecraft harm by, among other improprieties, confusing the public and diluting Guidecraft's protected intellectual property through their continued use of Guidecraft trademarks, Guidecraft's trade dress, and Guidecraft's copyright protected product designs.

### The Infringed Intellectual Property

15.     Guidecraft has developed a very successful children's stool that permits a child to work with a parent or guardian at counter level.  Guidecraft manufactures and markets that children's stool and sells that children's stool under its KITCHEN HELPER® Trademark, which is registered with the United States Patent and Trademark Office.  Guidecraft has devoted many thousands of hours to experimenting, testing, and perfecting KITCHEN HELPER® children's stools that function well, are beautiful, are safe for use by children, and store easily when not in use.  Through those efforts, Guidecraft has developed a children's stool that is highly sought after in the marketplace and widely recognized in connection with its KITCHEN HELPER® Trademark.

16.     Defendants OJCommerce.com, Inc., OJCommerce, LLC, and Weiss have sold thousands of units of the KITCHEN HELPER® line of Guidecraft children's stools as a reseller for Guidecraft.  During their time as Guidecraft resellers OJCommerce.com, Inc., OJCommerce, LLC, and Weiss learned that the KITCHEN

HELPER® trademark was well recognized and respected in the marketplace. OJCommerce.com, Inc., OJCommerce, LLC, and Weiss also learned much about the form of the KITCHEN HELPER® line of Guidecraft children's stools and became well aware of Guidecraft's success with the KITCHEN HELPER® product forms during their time as Guidecraft resellers.

17. Guidecraft has also spent a great deal of time developing and selling its Step-Up children's stool. The Step-Up children's stool has also become highly sought after in the marketplace due to its safety, beauty, and functionality.

18. Defendants OJCommerce.com, Inc., OJCommerce, LLC, and Weiss have sold thousands of units of Guidecraft Step-Up children's stools as resellers for Guidecraft. OJCommerce.com, Inc., OJCommerce, LLC, and Weiss also learned much about the success of the Guidecraft Step-Up children's stool product form during their time as Guidecraft resellers.

19. Guidecraft has also spent a great deal of time developing and selling its High-Rise Step-Up children's stool. The High-Rise Step-Up children's stool has also become highly sought after in the marketplace due to its safety, beauty, and functionality.

20. Defendants OJCommerce.com, Inc., OJCommerce, LLC, and Weiss have also sold thousands of units of the High-Rise Step-Up children's stools as resellers for Guidecraft. During their time as a Guidecraft reseller, OJCommerce.com, Inc., OJCommerce, LLC, and Weiss learned much about the success of the Guidecraft High-Rise Step-Up children's stool product form during their time as Guidecraft resellers.

## Trademark Infringement

21.     Guidecraft has spent a great deal of time and resources developing the Kitchen Helper brand for its children's stools and is the owner of United States Trademark Registration No. 5,265,613 for KITCHEN HELPER in connection with non-metal step stools, portable non-metal platforms enclosed by guard rails or panels and adapted for supporting a standing child and the goodwill associated therewith. Guidecraft has made the Registered KITCHEN HELPER Trademark distinctive and brought it recognition throughout the United States and much of the world through a multifaceted Internet and catalog based marketing campaign for a high quality, child friendly, and parent friendly product. A copy of the trademark registration is attached hereto as Exhibit A.

22.     Safety is a critical aspect of Guidecraft's KITCHEN HELPER® children's stools and consumers associate the KITCHEN HELPER® Trademark with the safety-oriented Guidecraft children's stools. Guidecraft has worked closely with the United States Consumer Product Safety Commission (the "USCPSC") to meet and exceed the rigorous safety tests dictated by the USCPSC in the high end children's market where safety is of supreme importance.

23.     OJCommerce.com, Inc., OJCommerce, LLC, Naomi Home, Inc., and their owner Jacob Weiss have unlawfully used and are currently unlawfully using Guidecraft's Registered KITCHEN HELPER® Trademark in the United States of America.

24.     OJCommerce.com, Inc., OJCommerce, LLC, Naomi Home, Inc. and their owner Jacob Weiss have unlawfully used and are currently unlawfully using Guidecraft's Registered KITCHEN HELPER® Trademark in connection with knock-off products made to appear to be Guidecraft products.

25.     Defendants' use of Guidecraft's Registered KITCHEN HELPER® Trademark (see Exhibits B and C) constitutes trademark infringement in violation of U.S. and state trademark law.

26.     Defendants' use of Guidecraft's Registered KITCHEN HELPER® Trademark in connection with the sale, offering for sale, advertising, and distribution of goods included in the Registration of Guidecraft's KITCHEN HELPER® Trademark constitutes a false designation of origin that is likely to cause confusion or mistake or to deceive consumers into believing that Defendants' goods are associated with Guidecraft and to deceive consumers into believing that Defendants' goods are sponsored, approved, or authorized by Guidecraft.

27.     On information and belief, Defendants have acted with full knowledge that Guidecraft owns the Registration for the KITCHEN HELPER® Trademark and Defendants have acted willfully and intentionally to misrepresent their products as being affiliated with Guidecraft.

28.     Regardless of intent, Defendants' infringing use of Guidecraft's Registered KITCHEN HELPER® Trademark has caused consumers actual confusion and mistake, and is likely to cause such confusion and mistake, as to the source of Defendants' goods.

29.     Defendants have unlawfully used and continue to unlawfully use and misappropriate the goodwill and reputation Guidecraft has established in Guidecraft's Registered KITCHEN HELPER® Trademark in such a way that consumers have been and are likely to continue to be lured to purchase Defendants' products with the mistaken belief that Defendants' goods are Guidecraft goods or have an affiliation, sponsorship, or other connection with Guidecraft.

30.     Guidecraft has been and will continue to be damaged by Defendants' foregoing acts of infringement, misappropriation, unfair competition, deceptive trade practices, and false advertising.

## Trade Dress Infringement

31.     Defendants' use of Guidecraft's designs (see Exhibits B and C) constitutes trade dress infringement in violation of U.S. trademark law.  Below are pictures of representative Guidecraft and Defendant children's stool products (see also Exhibits B and C):





**<u>Guidecraft</u>**                                **<u>Defendants</u>**

 

**<u>Guidecraft</u>**          **<u>Defendants</u>**

 

**<u>Guidecraft</u>**          **<u>Defendants</u>**

32.    Guidecraft has spent tremendous time and resources developing the uniquely aesthetic, non-functional design that is associated with its KITCHEN HELPER® children's stools, as well as the uniquely aesthetic, non-functional designs

that are associated with Guidecraft's Step-Up and High-Rise Step-Up children's stools and has trade dress protection in those designs.

33.     The Guidecraft KITCHEN HELPER® children's stool design includes, but is not limited to, the non-functional features of the positioning of four large cut-out shapes in the sides of the classic version (see, e.g., top left picture from Paragraph 31 above) of the KITCHEN HELPER® children's stools, the half-moon shape cut into the side below the standing platform, stylized tapered, two-toed feet at the base of each of the legs, the visual flow and shape of the walls and bars surrounding and below the platform, the colors in which the KITCHEN HELPER®, Step-Up, and High-Rise Step-Up children's stools are sold, and the overall appearance of the KITCHEN HELPER® children's stools.

34.     The non-functional design of the KITCHEN HELPER® children's stools has become known to the public through years of Guidecraft's advertising and significant sales, acquiring secondary meaning to the public and serving to designate to consumers that Guidecraft is the origin of those children's stools.

35.     The Guidecraft Step-Up children's stool design (see left picture in second row of pictures provided under Paragraph 31 above) includes, but is not limited to, the non-functional features of the shape of the upper and lower cut-outs in the sides of the Step-Up children's stools, and the positioning of those cut-outs in the sides of the Step-Up children's stools, the curvature of the uprights on the climbing side of the Step-Up children's stools, the side-toe at the base of the front legs and only the front legs of the Step-Up children's stools, the visual flow and shape of the upright side-members, the

shape and placement of the finger slots in the tops of the side-members, and the overall appearance of the Step-Up children's stools.

36.      The non-functional design of the Step-Up children's stools has become known to the public through years of Guidecraft's advertising and significant sales, acquiring secondary meaning to the public and serving to designate to consumers that Guidecraft is the origin of those children's stools.

37.      The Guidecraft High-Rise Step-Up children's stool design (see left picture in third row of pictures from Paragraph 31 above) includes, but is not limited to, the non-functional features of the large curved and open hand grips, the position of the large curved and open hand grips at the top of the High-Rise Step-Up children's stools, the similarly sized top and bottom steps, the curvature of the support under each step, the open side uprights along the first step and closed side uprights along the second step, the angularity of the side uprights rising up to the curved and open hand grips, the shape and flow of the side uprights, the side-toe at the base of the front legs and only the front legs of the of the High-Rise Step-Up children's stools, the visual flow and shape of the High-Rise Step-Up stools, and the overall appearance of the High-Rise Step-Up children's stools.

38.      The non-functional design of the High-Rise Step-Up children's stools has become known to the public through years of Guidecraft's advertising and significant sales, acquiring secondary meaning to the public and serving to designate to consumers that Guidecraft is the origin of those children's stools.

39.      Defendants have unlawfully used and are currently unlawfully using Guidecraft's trade dress protected children's stool designs in the United States.

40.     Defendants have unlawfully used and are currently unlawfully using Guidecraft's trade dress protected children's stool designs on knock-off products made to appear to be Guidecraft goods or have an affiliation, sponsorship, or other connection with Guidecraft.

41.     Defendants' use of Guidecraft's trade dress protected designs (see Exhibits B and C) constitutes trade dress infringement in violation of U.S. trademark law.

42.     Defendants have used and continue to use Guidecraft's trade dress protected designs on knock-off children's stools of inferior quality to take sales from Guidecraft and profit from such infringing sale of goods.

43.     Defendants' willful and persistent use of Guidecraft's trade dress protected appearances of its children's stools has given rise to imminent and irreversible harm.

## Copyright Infringement

44.     Defendants' use of Guidecraft's designs (see Exhibits B and C) constitutes copyright infringement in violation of U.S. copyright law.

45.     Guidecraft has spent a great deal of time and resources developing a highly desirable appearance for its KITCHEN HELPER® children's stools and is the owner of United States Copyright Application for Registration No. 1-6843395721 for the appearance of the Kitchen Helper® children's stool.

46.     Guidecraft has also spent a great deal of time and resources developing the highly desirable appearance of its Step-Up and High-Rise Step-Up children's stools

and is the owner of unregistered United States Copyrights for the appearance of the Step-Up and High-Rise Step-Up children's stools children's stool.

47. Defendants have unlawfully used and are currently unlawfully using Guidecraft's copyright protected children's stool designs in the United States.

48. Defendants have unlawfully used and are currently unlawfully using Guidecraft's copyright protected children's stool designs on knock-off products made to appear to be Guidecraft products.

49. Defendants' use of Guidecraft's copyright protected children's stool designs (see Exhibits B and C) constitutes copyright infringement in violation of U.S. copyright law.

50. Defendants have used and continue to use Guidecraft's copyright protected designs on knock-off children's stools of inferior quality to take sales from Guidecraft and profit from such infringing sale of goods.

51. Defendants' willful and persistent use of Guidecraft's copyright protected children's stools appearances has given rise to imminent and irreversible harm.

## COUNT ONE — TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114 (LANHAM ACT § 32)

52. The allegations contained in the foregoing paragraphs are re-alleged and incorporated as if fully set forth herein.

53. Defendants' continued use of Guidecraft's KITCHEN HELPER® Trademark, United States Trademark Registration No. 5,265,613, constitutes an

infringement of Guidecraft's Registered Trademark and is likely to have and to continue to cause confusion, mistake, and deception to the public as to the identity and origin of Guidecraft's goods, causing irreparable harm to Guidecraft for which there is no adequate remedy at law.

54.     Guidecraft has incurred attorneys' fees to enforce its trademark, and Guidecraft has suffered damages as a result of Defendants' actions.

55.     Defendants are liable to Guidecraft for trademark infringement under 15 U.S.C. § 1114 in an amount to be determined at trial.

56.     Defendants' acts of infringement have been and continue to be deliberate, willful, and wanton, making this an exceptional case under 15 U.S.C. § 1117.

57.     Plaintiff is entitled to a permanent injunction against Defendants, as well as other remedies under the Lanham Act, including but not limited to compensatory damages, disgorgement of Defendants' profits, costs of this action, attorneys' fees, and treble damages.


## COUNT TWO – UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN – 15 U.S.C. § 1125 (LANHAM ACT § 43)

58.     The allegations contained in the foregoing paragraphs are re-alleged and incorporated as if fully set forth herein.

59.     The Registered KITCHEN HELPER® Trademark, as used by Guidecraft in connection with its goods, is a distinctive mark and has become associated with Guidecraft and thus exclusively identifies Guidecraft's children's stools.

60.     Defendants' continued use of Guidecraft's Registered Trademark to promote, market, or sell its knock-off products in direct competition with Guidecraft products constitutes unfair competition and false designation of origin pursuant to 15 U.S.C. § 1125(a).

61.     Defendants have used and continue to use Guidecraft's trademarked and copyrighted design in the operation of Defendants' retail business.

62.     Defendants have promoted their products using Guidecraft's Registered Trademark in order to compete directly with Guidecraft.

63.     Defendants' continued use of Guidecraft's Registered Trademark is likely to cause confusion, mistake, and deception among consumers.

64.     Defendants' unfair competition has caused and will continue to cause damage to Guidecraft, including the expenditure of attorneys' fees, and is causing irreparable harm to Guidecraft for which there is no adequate remedy at law.

65.     Guidecraft is entitled to a permanent injunction against Defendants, as well as other remedies under the Lanham Act, including but not limited to compensatory damages, disgorgement of Defendants' profits, costs of this action, attorneys' fees, and treble damages.

## COUNT THREE – TRADE DRESS INFRINGEMENT –

## 15 U.S.C. § 1125 (LANHAM ACT § 43)

66.     The allegations contained in the foregoing paragraphs are re-alleged and incorporated as if fully set forth herein.

67. The trade dress of the KITCHEN HELPER®, Step-Up, and High-Rise Step-Up children's stools is non-functional.

68. The trade dress of the KITCHEN HELPER®, Step-Up, and High-Rise Step-Up children's stools is unique and distinctive and has acquired secondary meaning because consumers associate Guidecraft as the source of its children's stools under the Guidecraft trade dress.

69. Defendants have used and continue to use Guidecraft's trade dress protected KITCHEN HELPER®, Step-Up, and High-Rise Step-Up children's stools designs in the operation of Defendants' retail business.

70. Defendants' continued use of Guidecraft's protected trade dress design of children's stools is likely to confuse, cause mistake, and/or deceive consumers into believing that Defendants' stools are those of Guidecraft, or are affiliated with, endorsed by, sponsored by, or otherwise associated with Guidecraft.

71. Defendants' continued use of non-functional designs of Guidecraft's KITCHEN HELPER®, Step-Up, and High-Rise Step-Up children's stools constitutes trade dress infringement in violation of U.S. trademark law under 15 U.S.C. § 1125(a).

72. Defendants' trade dress infringement has caused and will continue to cause damage to Guidecraft, including the expenditure of attorneys' fees, and is causing irreparable harm to Guidecraft for which there is no adequate remedy at law.

73. Guidecraft is entitled to a permanent injunction against Defendants, as well as other remedies under the Lanham Act, including but not limited to compensatory damages, disgorgement of Defendants' profits, costs of this action, attorneys' fees, and treble damages.

## COUNT FOUR – COPYRIGHT INFRINGEMENT –

## 17 U.S. Code § 106-120 and 501

74.     The allegations contained in the foregoing paragraphs are re-alleged and incorporated as if fully set forth herein.

75.     Defendants had access to the Guidecraft KITCHEN HELPER®, Step-Up, and High-Rise Step-Up children's stool designs by virtue of the fact that Defendants advertised and sold Guidecraft KITCHEN HELPER®, Step-Up, and High-Rise Step-Up children's stools.

76.     Guidecraft did not authorize Defendants to reproduce the KITCHEN HELPER®, Step-Up, or High-Rise Step-Up children's stools, did not authorize Defendants to display reproductions of the KITCHEN HELPER®, Step-Up, or High-Rise Step-Up children's stools, and did not authorize Defendants to create any derivative works based on the KITCHEN HELPER®, Step-Up, or High-Rise Step-Up children's stool designs.

77.     Upon information and belief, Defendants have knowingly and willfully reproduced, displayed, and offered for sale children's stools that included the Guidecraft designs to the public and have created derivative works based on Guidecraft's KITCHEN HELPER®, Step-Up, and High-Rise Step-Up children's stool designs and have displayed and offered those derivative works for sale to the public, all in violation of the Copyright Act, 17 U.S.C. § 501.

78.     Guidecraft has been and will continue to be damaged as a direct and proximate cause of Defendant's copyright infringement in that Guidecraft has been and

will be deprived of sales and profits from the sale of its KITCHEN HELPER®, Step-Up, and High-Rise Step-Up children's stool designs. Defendants have also been unjustly enriched by their copyright infringement in that Defendants have received and will receive sales and profits as a direct and proximate result of Defendant's unlawful conduct. The total damages sustained and to be sustained by Guidecraft and the total amount Defendants have been and will be unjustly enriched will be determined at trial.

79.      Guidecraft is entitled to recover the damages it has sustained and will sustain from Defendants in accordance with the Copyright Act, 17 U.S.C. § 504. The amount of such damages and profits cannot be fully ascertained by Guidecraft, but will be proved at trial.

80.      Guidecraft is also entitled to its costs and fees pursuant to the Copyright Act, 17 U.S.C. § 505.

81.      Pursuant to the Copyright Act, 17 U.S.C. § 502, Guidecraft is entitled to injunctive relief to prevent Defendants from further infringement of Guidecraft's copyrighted KITCHEN HELPER®, Step-Up, and High-Rise Step-Up children's stool designs.


## COUNT FIVE – COMMON LAW UNFAIR COMPETITION

82.      The allegations contained in the foregoing paragraphs are re-alleged and incorporated as if fully set forth herein.

83.      Defendants have engaged in unfair competition by intentionally using Guidecraft's Registered KITCHEN HELPER® Trademark to hold out their products as

those of Guidecraft, or as affiliated with, sponsored by, or otherwise connected with Guidecraft. Guidecraft has established that trademark honestly and through a long course of fair dealing with the public.

84.     Defendants' actions have been willful as evidenced by their plan over a period of months to divert business from Guidecraft.

85.     Defendants' actions have caused actual deceit and fraud upon the public.

86.     Guidecraft has been damaged in an amount to be determined at trial.


## COUNT SIX – PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW – P.S. §§201-1 - 201-9.2


87.     The allegations contained in the foregoing paragraphs are re-alleged and incorporated as if fully set forth herein.

88.     Defendants passed off their goods as those of Guidecraft, thereby causing likelihood of confusion and of misunderstanding as to the source, sponsorship, approval or certification of those goods.

89.     Defendants passed off their goods as those of Guidecraft, thereby causing likelihood of confusion and of misunderstanding as to affiliation, connection or association with Guidecraft.

90.     Defendants' actions are directed to persons and entities including Guidecraft's customers and industry participants.

91.     Defendants' actions as described herein constitute unfair trade practices within the meaning of P.S. §§201-1 - 201-9.2.

92.     Guidecraft has been directly and proximately injured as a result of Defendants' unfair and deceptive trade practices.

93.     As a result of Defendants' unfair trade practices, Guidecraft is entitled to actual damages, treble damages, and attorneys' fees pursuant to P.S. §§201-1 - 201-9.2.

## COUNT SEVEN – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

94.     The allegations contained in the foregoing paragraphs are re-alleged and incorporated as if fully set forth herein.

95.     Defendants are illegally competing with Guidecraft and interfering with its prospective business relations.

96.     Defendants' actions involving the sale of children's stools using Guidecraft's Registered KITCHEN HELPER® Trademark and copyright protected children's stool designs were calculated to cause damage to Guidecraft's business.

97.     Defendants have interfered with Guidecraft's business relationships, prospective business relationships, and ability to conduct business.

98.     As a result of Defendants' actions, Guidecraft has been damaged in an amount to be proven at trial.

## COUNT EIGHT - UNJUST ENRICHMENT

99.    The allegations contained in the foregoing paragraphs are re-alleged and incorporated as if fully set forth herein.

100.    Defendants organized and initiated a competing business to pass-off products as those of Guidecraft.

101.    Defendants misappropriated the brand and appearance of Guidecraft's products to divert business from Guidecraft.

102.    As a result of the conduct described hereinabove, Defendants have been and will continue to be unjustly enriched at the expense and to the detriment of Guidecraft.

103.    By their unlawful actions, Defendants have been unjustly enriched and thereby damaged Guidecraft in an amount to be proven at trial.

## COUNT NINE – PENNSYLVANIA TRADEMARK DILUTION LAW – 54 Pa.C.S.A. § 1124

104.    The allegations contained in the foregoing paragraphs are re-alleged and incorporated as if fully set forth herein.

105.    Guidecraft's Registered KITCHEN HELPER® Trademark has become famous in the Commonwealth of Pennsylvania through its extensive use with Guidecraft children's stools.

106.    Defendants willfully intended to trade on Guidecraft's reputation or to cause dilution of Guidecraft's Registered KITCHEN HELPER® Trademark by selling

knock-off versions of Guidecraft's well known children's stools in connection with Guidecraft's KITCHEN HELPER® mark.

107.    Guidecraft is entitled to an injunction to restrain Defendants' manufacture, use, display or sale of its infringing products and to Defendants' profits derived from and all damages suffered by reason of such wrongful manufacture, use, display or sale.

## COUNT TEN – PUNITIVE DAMAGES

108.    The allegations contained in the foregoing paragraphs are re-alleged and incorporated as if fully set forth herein.

109.    Defendants' aforementioned conduct has been carried out maliciously, willfully, and wantonly, and with a conscious and intentional, or in the alternative, reckless disregard for the damage it would cause Guidecraft.  Guidecraft is, therefore, entitled to an award of punitive damages.

## COUNT ELEVEN – CLAIM FOR FEES AND COSTS

110.    The allegations contained in the foregoing paragraphs are re-alleged and incorporated as if fully set forth herein.

111.    Guidecraft is also entitled to attorneys' fees and costs under the causes of action pled above, including without limitation the Lanham Act.

**COUNT TWELVE –**

**MOTION FOR PRELIMINARY AND PERMANENT INJUNCTIONS**


112.   The allegations contained in the foregoing paragraphs are re-alleged and incorporated as if fully set forth herein.

113.   Defendants' actions threaten Guidecraft with irreparable harm if Defendants are not enjoined from continuing to unlawfully compete with Guidecraft.

114.   To preserve the status quo anti-trial and to protect and preserve the rights of Guidecraft, an injunction should issue restraining Defendants from continuing to unlawfully compete with Guidecraft.


**PRAYER FOR RELIEF**

WHEREFORE, having complained of defendants OJCommerce.com, Inc., OJCommerce, LLC, Naomi Home, Inc., and Weiss, plaintiff Guidecraft, Inc. prays the Court find as follows:

A.   That Defendants be preliminarily and permanently enjoined from using Guidecraft's trademark and copyright, and from unjustly competing against Guidecraft;

B.   That pursuant to 15 U.S.C. § 1117, Defendants be held liable for all damages suffered by Guidecraft resulting from the acts alleged herein, as well as special damages permitted under the Lanham Act;

C.   That the Court award Guidecraft punitive damages as allowed by law;

D.   That the Court award Guidecraft its costs and attorneys' fees allowable under federal and state law; and

E.    That the Court award such other and further relief as this Court may deem just and proper.

This 19th day of September 2018.

s/Richard W. James

Richard W. James
25 Churchill Road
Pittsburgh, PA  15235
Telephone:    (412) 243-8708

PA Attorney ID: 80426

*Counsel for Guidecraft, Inc.*